IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC.,<br>425 Third Street SW, Suite 800<br>Washington, DC 20024,<br><br>          Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE,<br>950 Pennsylvania Avenue NW<br>Washington, DC 20530-0001,<br><br>          Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No.<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiff Judicial Watch, Inc. brings this action against Defendant U.S. Department of Justice to compel compliance with the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. As grounds therefor, Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

## PARTIES

3. Plaintiff Judicial Watch, Inc. ("Plaintiff") is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street SW, Suite 800, Washington, DC 20024. Plaintiff seeks to promote transparency, accountability, and integrity in government and fidelity to the rule of law. As part of its mission, Plaintiff regularly requests records from federal agencies pursuant to FOIA. Plaintiff analyzes

the responses and disseminates its findings and the requested records to the American public to inform them about "what their government is up to."

4. Defendant U.S. Department of Justice ("Defendant") is an agency of the United States Government. Defendant has possession, custody, and control of records to which Plaintiff seeks access. Defendant is headquartered at 950 Pennsylvania Avenue NW, Washington, DC 20530-0001.

## STATEMENT OF FACTS

5. On May 21, 2023, Plaintiff submitted a FOIA request to Defendant seeking access to public records of Special Counsel Jack Smith regarding:

> Records and communications, including emails, email chains, email attachments, text messages, calendar invites, calendar meetings, voice recordings, charts, correspondence, briefings, letters, memoranda, reports, notes, of the Office of the Attorney General or the Office of the Deputy Attorney General, or any person acting on their behalf, regarding the Internal Revenue Service investigation of Hunter Biden.

The time frame of the request was identified as "January 21, 2021 to present."

6. By a letter dated May 25, 2023, the Defendant acknowledged the request and included the reference number FOIA-2023-01286.

7. On July 18, 2023, Plaintiff filed a prior lawsuit regarding this FOIA request. *Judicial Watch, Inc. v. Department of Justice*, No. 1:23-cv-02075 (D.D.C.)(LLA). During the course of that lawsuit, Defendant invoked Exemption 7(A) as to the bulk of the requested records due to a continuing law enforcement proceeding regarding Hunter Biden. The parties ultimately sought and received a stipulated dismissal without prejudice of that prior lawsuit. *Id*. (Minute Order issued June 3, 2024). In light of the recent pardon issued by the President to Hunter Biden, no open law enforcement proceedings remain.

8. As of the date of this Complaint, the Defendant has failed to (i) produce the requested records or demonstrate that the requested records are lawfully exempt from

production; (ii) notify Plaintiff of the scope of any responsive records it intends to produce or withhold and the reasons for any withholdings; or (iii) inform Plaintiff that it may appeal any adequately specific, adverse determination.

## COUNT I
### (Violation of FOIA, 5 U.S.C. § 552)

9. Plaintiff realleges paragraphs 1 through 8 as if fully stated herein.

10. Defendant is in violation of FOIA.

11. Plaintiff is being irreparably harmed by Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

12. To trigger FOIA's administrative exhaustion requirement, Defendant was required to make a final determination on Plaintiff's request by October 9, 2023 at the latest. Because Defendant failed to make a final determination on Plaintiff's FOIA request within the time limits set by FOIA, Plaintiff is deemed to have exhausted its administrative appeal remedies.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct searches for any and all records responsive to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA request; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and *Vaughn* indices of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5

- 4 -

U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated: December 4, 2024 Respectfully submitted,

*/s/ James F. Peterson*
JAMES F. PETERSON
D.C. Bar No. 450171
JUDICIAL WATCH, INC.
425 Third Street SW, Suite 800
Washington, DC 20024
Tel:    (202) 646-5175
Email: jpeterson@judicialwatch.org

*Counsel for Plaintiff*